Steven W. WILLIAMS, Plaintiff,

v.

FRONTIER SPINNING MILLS, INC., Defendant.

No. 1:04CV00732.

United States District Court, M.D. North Carolina.

Feb. 3, 2005.

Romallus O. Murphy, Greensboro, NC, for Plaintiff.

Bernhard Mueller, Ogletree Deakins Nash Smoak & Stewart, P.C., Raleigh, NC, Brian Marc Freedman, Ogletree Deakins Nash Smoak & Stewart, P.C., Greensboro, NC, for Defendant.

## ORDER

BEATY, District Judge.

On December 16, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that defendant's motion to dismiss (docket no. 6) be, and the same hereby is, denied.

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

ELIASON, United States Magistrate Judge.

This case is before the Court on defendant's motion to dismiss made pursuant to Fed.R.Civ.P. 12(c). Such a motion

is to be decided under the same standard as a motion brought under Fed.R.Civ.P. 12(b)(6). *Burbach Broadcasting Co. of Delaware v. Elkins Radio,* 278 F.3d 401, 405 (4th Cir.2002). Therefore, the motion cannot succeed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.), *cert. denied,* 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993), *quoting Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Further, the Court must assume that the allegations in the complaint are true and construe them in the light most favorable to plaintiff. *Id.*

Keeping this standard in mind, the facts set out in the complaint are as follows. Plaintiff, a Caucasian, is a former employee of defendant. He contends that, despite a good work record with defendant, he was discharged from his job for refusing to carry out a reasonable work assignment and for a misrepresentation of the facts. He denied these charges and requested a meeting with defendant, but this request was refused.

Plaintiff admits that the violation he is alleged to have committed is a "major" violation according to defendant's handbook. He agrees that this means that management had discretion as far as the discipline imposed and that the discipline could include termination. However, plaintiff states that defendant's management has "managed its disciplinary process in a discriminatory manner" based on plaintiff's race. He appears to connect this allegation with the fact that he was not given a meeting to allow him to rebut the accusations against him. He contends that a Hispanic co-worker also committed a major violation, sexual harassment, but later had that violation downgraded to a "serious" violation which did not lead to termination. Finally, in what appears to be a separate allegation of discrimination, plaintiff claims that defendant gave Hispanic employees opportunities to work overtime, but denied Caucasian employees these opportunities.

Defendant's argument that the facts set out above do not state a claim for relief is straightforward. Plaintiff has not alleged any direct proof of discrimination. Therefore, defendant concludes that he must rely on the burden-shifting scheme set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Defendant focuses on plaintiff's allegation that he was disciplined more harshly than his Hispanic co-worker. To establish such a claim, plaintiff will need to show that (1) he is a member of a protected class, (2) the misconduct he was punished for is comparable to misconduct engaged in by a co-worker not in the protected class, and (3) he was disciplined more harshly than the co-worker. *Cook v. CSX Transp. Corp.,* 988 F.2d 507, 511 (4th Cir.1993). Defendant argues that plaintiff has not shown that his refusal to complete a work assignment and misrepresentation of facts is comparable to the sexual harassment committed by the Hispanic employee.

■ There are two significant problems with defendant's argument. First, as it admits, the standard for judging whether two episodes of misconduct are sufficiently similar to be considered comparable for the purposes of establishing a *prima facie* case under *McDonnell Douglas,* is whether the conduct is of "comparable seriousness." *Id.* Naturally, this is a fact intensive analysis. Such analyses are not normally suitable ground to cover in deciding a motion to dismiss. Because a complaint needs only to be a basic rendition of a plaintiff's allegations, more specific facts are often absent.

This is certainly the situation in the case at bar. It is admittedly true that the allegedly comparable violations described by plaintiff do not seem, on their face, to be particularly similar.[1] Refusing a work assignment and misrepresenting facts certainly involve different types of misconduct in many respects. However, without more of the facts surrounding each incident, the Court cannot truly determine whether the incidents are of the same level of seriousness and so cannot say that it appears beyond doubt that plaintiff will not eventually be able to prove his case. This is particularly true because it appears that plaintiff is not only claiming discrimination regarding the ultimate punishment rendered, but also in the process used to reach the decision, i.e. the lack of a hearing for his major violation, but not that of the Hispanic employee. In the end, plaintiff may need to evaluate the viability of his claim before or at summary judgment, but his complaint is not so deficient that it fails to state a claim for relief.

The second significant problem for defendant is that dismissal of plaintiff's termination claim would not end the litigation. Plaintiff has also claimed discrimination related to the opportunity to work overtime. Defendant has not even addressed this in its brief supporting the motion to dismiss. Because some doubt lingers regarding the termination claim and because the case will go forward in any event on the overtime claim, defendant's motion to dismiss should be denied.

IT IS THEREFORE RECOMMENDED that defendant's motion to dismiss (docket no. 6) be denied.

Dec. 16, 2005.

1. In addition to the obvious differences between sexual harassment and refusing an assignment/misrepresenting facts, defendant also claims that plaintiff's misconduct qualifies as two major violations, whereas sexual harassment is only one. This is not clear from the complaint. It uses the singular term "violation" and refers to refusing the assignment and misrepresenting facts together, as if they are part of one incident and one violation. This is simply one of the matters that will have to be fleshed out in discovery and dealt with at summary judgment.